STATE EX REL. HENRY T. HUNT, PROS. ATTY. v. UNION GAS & ELEC. CO.

**Allegations as to Discrimination for Electric Current Rates Insufficient without Alleging Injury to Customers.**

Mere discrimination by a public service corporation without substantial injury is not necessarily unlawful; hence, allegations will not lie as to discrimination in rates charged for electric current, when made without regard to circumstances and conditions or any averment that consumers are unfavorably affected thereby.

*Miller Outcalt, Lawrence Maxwell* and *J. S. Graydon,* for defendant.

*Henry T. Hunt,* Pros. Atty., for plaintiff.

**GIFFEN, P. J.**

The defendant, a corporation under the laws of Ohio, exercising the rights and privileges in the city of Cincinnati, and engaged in supplying gas to the inhabitants thereof, and also electric current for light and power, was charged in the petition with discrimination in the matter of rates, which the petition alleged were not uniform but are based on whim, favor and caprice; and the court was asked because of the discrimination so practiced to oust the company from its rights and franchises.

It is charged in the petition that—

"The defendant discriminates in the price charged and exacted from the users and consumers of its product, basing said prices in multitudinous instances not upon the cost of service, but upon various other irrelevant and unlawful facts, circumstances and conditions:

"1st. It charges a less rate per kilowatt for electric current used for power than for electric current used for light."

There is no averment that the rate charged for electric current used for light is unreasonable, nor is there any averment of other facts tending to prove that the discrimination is unjust or unlawful. On the other hand the very difference in the conditions suggests a discrimination in rates, and the burden of alleging and proving its illegality rests upon the relator.

"2d. It charges rates based on the average consumption of electric current per 16-candle-power lamp possessed and available by the said users and consumers, and not upon the actual amount of current consumed."

The objection to this discrimination is, like the first instance, based on the theory that the rate should be uniform, regardless of conditions. If one consumer has available ten times as many lamps as another, but they both use the same number, it is manifest that the additional expense of preparing for the unused lamps should be borne by the customer causing it. Hence the actual amount of current consumed is not the true and correct basis for fixing rates, under the circumstances and conditions are similar.

"3d. It charges such users and consumers as have access to other sources of supply, a less rate per kilowatt consumed than the rate per kilowatt charged to users and consumers as have not access to other sources of supply."

There is no averment that the rate charged to the latter class is unreasonable, nor that the discrimination in favor of the former class is unjust to the latter, nor of facts warranting such inference. It is manifest that this discrimination is based upon competition, which is a proper element to be considered in fixing rates, although by no means conclusive. If the discriminating rate will tend to create a monopoly by excluding from the market the products of the competitors of the favored class it is not justifiable, even though defendant could not otherwise secure

State, ex rel. v. Pennsylvania Co.

the custom. *State* v. *Cincinnati, N. O. & T. P. Ry.*, 47 Ohio St. 130 [23 N. E. 928; 7 L. R. A. 319].

The same objection applies with equal force to paragraphs four and five of the petition, and assailed, by the motion of the defendant, which in effect is, that the pleader assumes the only correct basis for determining the rates to be charged is the amount of current consumed, without regard to circumstances and conditions, and whether or not injuriously affecting consumers. The question whether the charges of a public service corporation are unjust and unreasonable, and whether they unjustly discriminate, often depends upon a variety of circumstances, making it complex and difficult of solution, as shown by the exhaustive discussion in the case of *Scofield* v. *Railway*, 43 Ohio St. 571 [3 N. E. 907; 54 Am. Rep. 846].

It is apparent from that case, as well as others following and approving it, that mere discrimination without substantial injury is insufficient to make it unjust and unlawful, but the facts showing such injury must be averred and proved.

We are of the opinion, therefore, that the motion to strike out certain paragraphs of the petition should be sustained.

**Smith** and **Swing, JJ.,** concur.

---

# QUO WARRANTO—RAILROADS

[Holmes (5th) Circuit Court, November, 1909.]

Taggart, Donahue and Voorhees, JJ.

STATE EX REL. SIMPSON, PROS. ATTY. V. PENNSYLVANIA CO. AND CLEVELAND, A. & C. RY.

STATE EX REL. SIMPSON, PROS. ATTY. V. BALTIMORE & O. RY.

1. **Quo Warranto Instituted by Prosecuting Attorney to Oust Railway Relief Association.**

   A prosecuting attorney may institute and prosecute an action in quo warranto to oust a railway relief association which it is alleged has been organized and is being conducted in violation of the laws of the state.